56 F.3d 1531
 312 U.S.App.D.C. 461
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
New England Energy Associates, et al., Intervenors.
 No. 93-1847.
 United States Court of Appeals, District of Columbia Circuit.
 May 30, 1995.
 
 On Petition for Review of Orders of the Federal Energy Regulatory Commission.
 FERC
 AFFIRMED.
 Before: EDWARDS, Chief Judge, BUCKLEY and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This petition for review was considered on the record from the Federal Energy Regulatory Commission and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the petition does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Under the standards we have enunciated in Williams Natural Gas Co. v. FERC, 3 F.3d 1544, 1553-54 (D.C.Cir.1993), FERC properly concluded that its April 29, 1993 order exempting New England Energy Associates and North Jersey Energy Associates ("Energy Associates") from Transcontinental Gas Pipe Line Corporation's producer settlement payment surcharges was retroactive. In light of this court's remand in KN Energy v. FERC, 968 F.2d 1295 (D.C.Cir.1992), FERC essentially concluded that the imposition of these surcharges on Energy Associates had been illegal from the time Transcontinental commenced providing services to Energy Associates. Therefore it is
 
 
 3
 ORDERED AND ADJUDGED that the orders under review be affirmed. It is
 
 
 4
 FURTHER ORDERED that the petition for review be denied.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1).